# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON THURSTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00342-AWI-SMS PC<br><br>FINDING AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 3)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

Plaintiff Anderson Thurston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 27, 2008, Plaintiff filed a complaint and a motion seeking an order mandating his transfer out of Pleasant Valley State Prison due to his medical condition and the risk of contracting Valley Fever.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

In a separate order, the Court screened Plaintiff's complaint and found that it stated a claim against some of the named defendants based on Plaintiff's allegations that his medical condition puts him at risk for contracting Valley Fever, and Defendants disregarded that risk in denying his requests for a transfer. Fed. R. Civ. P. 8(a). However, the standard of review for determining whether a complaint states a claim and the standard of review for determining whether a party is entitled to a preliminary injunction are different.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). Further, a mandatory preliminary injunction such as that sought by Plaintiff in the instant motion "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993). Plaintiff is not a medical expert and is not qualified to render an opinion that his medical needs place him at risk for contracting Valley Fever and that the failure to prison officials to transfer him rises to the level of deliberate indifference to his serious medical needs. While Plaintiff's allegations in his complaint are sufficient to allow him to proceed with his case, Plaintiff's allegations do not constitute evidence in support of his motion for an immediate transfer. Because Plaintiff has not supported his motion with any competent evidence that he has a medical need for an immediate transfer, he has not met his burden as the moving party.

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for preliminary injunctive relief, filed February 27, 2008, be DENIED.

This Finding and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Finding and Recommendation, Plaintiff may file a written objection with the Court. The document should be captioned "Objection to Magistrate Judge's Finding and

///

1  Recommendation." Plaintiff is advised that failure to file objections within the specified time may
2  waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 8, 2008**                             /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE