**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON THURSTON, | CASE NO. 1:08-cv-00342-AWI-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | (Doc. 1) |
| | RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Anderson Thurston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 27, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Eighth Amendment Claim

Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP") in Coalinga. Plaintiff alleges that prior to his transfer to PVSP, he was diagnosed with congestive heart failure, pneumonia, lower back pain, arthritis, chronic pain, a rotator cuff tear, bone spurs, and left shoulder nerve damage, and that he has a long history of asthma. Plaintiff alleges that after his transfer, he learned that Valley Fever, or coccidioidomycosis, is endemic to the area where PVSP is located, and that inmates and correctional staff have contracted the illness, with sometimes fatal results. Plaintiff alleges that his medical condition and race place him at greater risk for contracting the illness, but his requests for a transfer to another institution have been denied. Plaintiff alleges that he is at risk for harm, but Defendants have failed take appropriate action by transferring him.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

1  Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a
2  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
3  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be
4  manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or
5  it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin
6  at 1060 (internal quotations omitted)).

7  Plaintiff alleges that Defendants Cassesi, Vilaysane, Igbinosa, and Ahlin were involved in
8  denying his request for a transfer, made via an American with Disabilities Act request for reasonable
9  accommodation form.[1]  Under minimal federal notice pleading standards, the Court finds Plaintiff's
10 allegations are sufficient to allow him to proceed against these defendants.  Fed. R. Civ. P. 8(a);
11 Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir.
12 2008).

13 However, Plaintiff is also seeking to impose liability on Governor Arnold Schwarzenegger,
14 now former California Department of Corrections and Rehabilitation ("CDCR") Secretary James
15 Tilton, CDCR Undersecretary Scott Kernan, and PVSP Warden James Yates.  To state a claim under
16 section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the
17 defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los
18 Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right,
19 where that person 'does an affirmative act, participates in another's affirmative acts, or omits to
20 perform an act which [that person] is legally required to do that causes the deprivation of which
21 complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v.
22 Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established
23 not only by some kind of direct, personal participation in the deprivation, but also by setting in
24 motion a series of acts by others which the actor knows or reasonably should know would cause
25 others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).
26 ///

---

[1] The Court takes judicial notice of Cal. Code Regs., tit. 15 § 3085 (2008), which governs the ADA request process within the California Department of Corrections and Rehabilitation.

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In this instance, Plaintiff is attempting to impose liability on Defendants Schwarzenegger, Tilton, Kernan, and Yates not based on any personal involvement in the violation of his rights, but based on their positions of authority. Section 1983 does not allow for the imposition of liability on that basis alone. Accordingly, Plaintiff fails to state a claim.

Plaintiff also names N. Grannis as a defendant, but his complaint contains no allegations against Grannis. Therefore, Plaintiff fails to state a claim.

### III. Conclusion and Order

Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Cassesi, Vilaysane, Igbinosa, and Ahlin, but fails to state a claim against Defendants Schwarzenegger, Tilton, Kernan, Yates, and Grannis. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Cassesi, Vilaysane, Igbinosa, and Ahlin, Plaintiff may so notify the Court in writing, and the Court will issue a Findings and Recommendations recommending that Defendants Schwarzenegger, Tilton, Kernan, Yates, and Grannis be dismissed from this action, and will forward Plaintiff four summonses and four USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in brief but specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

(9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Cassesi, Vilaysane, Igbinosa, and Ahlin on his Eighth Amendment claim; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   May 8, 2008**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE