# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON THURSTON, | CASE NO. 1:08-cv-00342-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | (Doc. 1) |
| Defendants. | |

**Findings and Recommendations Following Screening of Complaint**

**I.     Procedural History**

Plaintiff Anderson Thurston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 27, 2008. On May 9, 2008, the Court issued an order finding that Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Cassesi, Vilaysane, Igbinosa, and Ahlin, but fails to state a claim against Defendants Schwarzenegger, Tilton, Kernan, Yates, and Grannis. The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on his cognizable claim. On May 19, 2008, Plaintiff filed a notice stating his willingness to proceed only on his cognizable claim. Based on Plaintiff's notice, this Findings and Recommendations now issues.

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### III. Plaintiff's Eighth Amendment Claim

Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP") in Coalinga. Plaintiff alleges that prior to his transfer to PVSP, he was diagnosed with congestive heart failure, pneumonia, lower back pain, arthritis, chronic pain, a rotator cuff tear, bone spurs, and left shoulder nerve damage, and that he has a long history of asthma. Plaintiff alleges that after his transfer, he learned that Valley Fever, or coccidioidomycosis, is endemic to the area where PVSP is located, and that inmates and correctional staff have contracted the illness, with sometimes fatal results. Plaintiff alleges that his medical condition and race place him at greater risk for contracting the illness, but his requests for a transfer to another institution have been denied. Plaintiff alleges that he is at risk for harm, but Defendants have failed take appropriate action by transferring him.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

(9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id. (citing McGuckin at 1060 (internal quotations omitted)).

Plaintiff alleges that Defendants Cassesi, Vilaysane, Igbinosa, and Ahlin were involved in denying his request for a transfer, made via an American with Disabilities Act request for reasonable accommodation form.[1]  Under minimal federal notice pleading standards, the Court finds Plaintiff's allegations are sufficient to allow him to proceed against these defendants.  Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

However, Plaintiff is also seeking to impose liability on Governor Arnold Schwarzenegger, now former California Department of Corrections and Rehabilitation ("CDCR") Secretary James Tilton, CDCR Undersecretary Scott Kernan, and PVSP Warden James Yates.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which

---

[1] The Court takes judicial notice of Cal. Code Regs., tit. 15 § 3085 (2008), which governs the ADA request process within the California Department of Corrections and Rehabilitation.

3

complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In this instance, Plaintiff is attempting to impose liability on Defendants Schwarzenegger, Tilton, Kernan, and Yates not based on any personal involvement in the violation of his rights, but based on their positions of authority. Section 1983 does not allow for the imposition of liability on that basis alone. Accordingly, Plaintiff fails to state a claim.

Plaintiff also names N. Grannis as a defendant, but his complaint contains no allegations against Grannis. Therefore, Plaintiff fails to state a claim.

**IV.   Conclusion and Recommendation**

Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Cassesi, Vilaysane, Igbinosa, and Ahlin, but fails to state a claim against Defendants Schwarzenegger, Tilton, Kernan, Yates, and Grannis. In compliance with the Court's order of May 9, 2008, Plaintiff has notified the Court of his willingness to proceed only on against Defendants Cassesi, Vilaysane, Igbinosa, and Ahlin. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed February 27, 2008, against Defendants Cassesi, Vilaysane, Igbinosa, and Ahlin for violation of the Eighth Amendment; and

2. Defendants Schwarzenegger, Tilton, Kernan, Yates, and Grannis be dismissed from this action for failure to state a claim upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 21, 2008**                              /s/ Sandra M. Snyder
                                                           UNITED STATES MAGISTRATE JUDGE